UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUTOMILE HOLDINGS, LLC; AMR AUTO-HOLDINGS - PA, LLC; AMR AUTO-HOLDINGS - AC, LLC; AMR AUTO-HOLDINGS - TY, LLC; AMR AUTO HOLDINGS - HD, LLC; AND DAVID ROSENBERG, INDIVIDUALLY,<br><br>PLAINTIFFS<br><br>v.<br><br>PATRICK HICKEY; MELISSA REAVILL; JENNIFER VOLO; STEPHANIE AUSTIN; COREY WALKER; AND WILLIAM HUNT,<br><br>DEFENDANTS. | CIVIL ACTION NO. |

**COMPLAINT AND PETITION TO VACATE**
**PARTIAL FINAL CLAUSE CONSTRUCTION AWARD**

Pursuant to 9 U.S.C. § 10(a), plaintiffs Automile Holdings, LLC, AMR Auto-Holdings - PA, LLC, AMR Auto-Holdings - AC, LLC, AMR Auto-Holdings - TY, LLC, AMR Auto Holdings - HD, LLC, and David Rosenberg, in his individual capacity (collectively, the "Plaintiffs") hereby submit their Complaint and Petition for an Order vacating the Partial Final Clause Construction Award made by a single Arbitrator appointed by the American Arbitration Association ("AAA") in the matter of *Hickey et al. v. Automile Holdings, LLC et al.*, No. 01-17-0000-0078. In support thereof, Plaintiffs state as follows:

**PARTIES**

1. Plaintiff Automile Holdings, LLC is a Delaware limited liability company with a principal office located at 286 Commonwealth Avenue, Unit #5, Boston, MA 02115.

2. Plaintiff AMR Auto-Holdings - PA, LLC is a Delaware limited liability company with a principal office located at 425 Providence Highway, Westwood, MA 02090.

3. Plaintiff AMR Auto-Holdings - AC, LLC is a Delaware limited liability company with a principal office located at 425 Providence Highway, Westwood, MA 02090.

4. Plaintiff AMR Auto-Holdings - TY, LLC is a Delaware limited liability company with a principal office located at 425 Providence Highway, Westwood, MA 02090.

5. Plaintiff AMR Auto Holdings - HD, LLC is a Delaware limited liability company with a principal office located at 425 Providence Highway, Westwood, MA 02090.

6. Plaintiff David Rosenberg is an individual residing in Massachusetts.

7. Upon information and belief, defendant Patrick Hickey is an individual residing in Massachusetts.

8. Upon information and belief, defendant Melissa Reavill is an individual residing in Massachusetts.

9. Upon information and belief, defendant Jennifer Volo is an individual residing in Rhode Island.

10. Upon information and belief, defendant Stephanie Austin is an individual residing in Massachusetts.

11. Upon information and belief, defendant Corey Walker is an individual residing in Massachusetts.

12. Upon information and belief, defendant William Hunt is an individual residing in Massachusetts.

**JURISDICTION AND VENUE**

13. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this matter because

the claims and relief sought by Plaintiffs arise under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

14. Pursuant to 28 U.S.C. § 10(a), venue is proper in this District because the findings and rulings of the Partial Final Clause Construction Award, which form basis of this action, were made in this District by an AAA-appointed arbitrator.

## BACKGROUND

15. Defendants worked at automobile dealerships in Massachusetts owned by one or more of the Plaintiffs.

16. Before starting their employment, defendants signed a job application containing an arbitration provision (the "Agreements").

17. The Agreements provide for exclusive and binding arbitration under the FAA of certain claims arising in the course of defendants' employment.

18. On or about January 2, 2017 defendants submitted their demand (the "Demand") for arbitration against Plaintiffs (the "Arbitration"). In their Demand, defendants assert claims arising under the Massachusetts Payment of Wages Law (M.G.L. c. 149 § 148), the Massachusetts Overtime Law (M.G.L. c. 151 § 1A) and the Massachusetts Minimum Wage Law (M.G.L. c. 151 § 1), as well as common law claims for breach of contract, breach of the covenant of good faith and fair dealing, quantum meruit and unjust enrichment.

19. Defendants filed Answering Statements on May 10, 2017.

20. The parties selected Richard H. Silberberg as their arbitrator (the "Arbitrator").

21. Pursuant to Rule 3 of the AAA's Supplementary Rules for Class Arbitration (the "Class Arbitration Rules"), the Arbitrator agreed to determine the threshold issue of whether the Agreements permit arbitration on a collective and/or class basis.

22. On February 9, 2018, after briefing by the parties, the Arbitrator issued a Partial Final Clause Construction Award (the "Award"). A copy of the Award is attached hereto as **Exhibit A**.

23. In the Award, the Arbitrator concluded that the parties agreed to authorize collective and/or class arbitration.

**COUNT I**
**9 U.S.C. § 10(4)(a) – Exceeding Arbitral Powers**

24. Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs 1-23 of the Complaint.

25. The Arbitrator, in issuing the Award, exceeded his powers by, among other things, engaging in a fact-finding function in derogation of his limited duty under Rule 3 of the Class Arbitration Rules to "determine as a threshold matter . . . the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class."

26. For example, the Arbitrator impermissibly made the following factual findings:

(a) "I further find it reasonable to charge Prime Motor, as a sophisticated employer, with having known at the time of the promulgation of the Agreement that the Massachusetts Payment of Wages Act vests employees with a substantive statutory right to pursue class-wide claims."  Award at 14.

(b) "As of 2013 . . . Prime Motor knew or should have known that (a) collective and/or class actions are frequently-employed vehicles for vindicating statutory rights, including employment-related claims, and (b) in recognition of that *fact*, it was not at all uncommon for employers and others choosing arbitration as their preferred method of dispute resolution to expressly restrict arbitration to individual claims by including explicit class

arbitration waivers in their arbitration agreements." Award at 16-17 (emphasis added).

27. Accordingly, the Arbitrator's Award finding that the Agreements authorize collective and/or class arbitration should be vacated.

## COUNT II
## Manifest Disregard of Law

28. Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs 1-27 of the Complaint.

29. The Arbitrator, in issuing the Award, committed a manifest disregard of law. Among other things, the Arbitrator failed to apply the governing legal standards presented by Plaintiffs on the following issues:

    (a) The Agreements' silence on the issue of collective and/or class action arbitration compels a finding that the parties agreed to arbitrate on an individual basis.

    (b) The Agreements' use of personal pronouns and deliberate exclusion of the rule permitting class actions reflect the parties' intent to permit single arbitration only.

    (c) The parties never agreed to collective or class action arbitration, and therefore, must proceed in a single arbitration only.

    (d) The law does not require Plaintiffs to expressly exclude class claims from the scope of the Agreement.

30. The Arbitrator also committed a manifest disregard of the law by engaging in the fact-finding functions described in paragraphs 25-26.

31. Accordingly, the Arbitrator's conclusion that the Agreements authorize collective and/or class arbitration should be vacated.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Automile Holdings, LLC, AMR Auto-Holdings - PA, LLC, AMR Auto-Holdings - AC, LLC, AMR Auto-Holdings - TY, LLC, AMR Auto Holdings - HD, LLC, and David Rosenberg, in his individual capacity, request relief as follows:

32. Enter Judgment in Plaintiffs' favor and vacate the Arbitrator's findings and rulings in the Partial Final Clause Construction Award;

33. Enter an Order declaring that Defendants' claims may not be arbitrated on a class or collective basis;

34. Remand the matter to the Arbitrator and issue an Order directing the Arbitrator to proceed to separate arbitrations for each Defendant on an individual basis; and

35. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

AUTOMILE HOLDINGS, LLC; AMR AUTO-HOLDINGS - PA, LLC; AMR AUTO-HOLDINGS - AC, LLC; AMR AUTO-HOLDINGS - TY, LLC; AMR AUTO HOLDINGS - HD, LLC; AND DAVID ROSENBERG, INDIVIDUALLY

By their attorneys,

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek (BBO No. 647085)
Kennell M. Sambour (BBO No. 687765)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
ckaczmarek@littler.com
ksambour@littler.com

March 9, 2018

## **CERTIFICATE OF SERVICE**

I, Christopher B. Kaczmarek, hereby certify that on this 9th day of March, 2018, the foregoing Answer was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

Firmwide:153114887.2 058717.1019